UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK JAMES TAYLOR,

    Petitioner,

  v.

ROSEMARY NDOH, Acting Warden,[1]

    Respondent.

Case No. 15-cv-00996-YGR (PR)

**ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING**

Petitioner Mark James Taylor, a state prisoner, filed the instant *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Parole Hearings ("Board") to deny him parole at his July 26, 2012 parole suitability hearing. As grounds for federal habeas relief, Petitioner's first two claims allege that he was denied due process when the Board (1) required him to admit to the commitment offense and (2) denied parole without some evidence that he continues to present a current threat to public safety. In his third claim, Petitioner alleges that the Board's deferral of his next parole hearing for seven years under Marsy's Law[2] violates the Ex Post Facto Clause.

Before the Court is Respondent's motion to dismiss the instant petition. Dkt. 8. Respondent moves to dismiss on the ground that jurisdiction is lacking over Petitioner's due process claims and thus he has not stated a cognizable basis for federal habeas relief. In addition, Respondent argues that Court should deny without prejudice Petitioner's Ex Post Facto claim

---

[1] Rosemary Ndoh, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] In 2008, the voters approved Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," which modified the availability and frequency of parole hearings. 2008 Cal. Legis. Serv. Prop. 9, *amending in pertinent part*, Cal. Penal Code § 3041.5(b)(3) (extending deferral periods) and (b)(4) and (d) (advance hearings).

because any relief should come from the class action, *Gilman v. Schwarzenegger*, Case No. CIV-S-05-0830 LKK GGH, which has cross-appeals before the Ninth Circuit Court of Appeals.

On February 22, 2016, the Ninth Circuit issued an opinion resolving the cross-appeals in *Gilman v. Brown*, Ninth Case Nos. 14-15613, 14-15680. *See Gilman v. Brown*, Nos. 14-15613, 14-15680, slip op. 1-30 (9th Cir. Feb. 22, 2016).

Accordingly, the Court requires the parties to submit simultaneous briefs discussing only the effects of the Ninth Circuit's resolution of the cross-appeals in *Gilman v. Brown*, Ninth Case Nos. 14-15613, 14-15680.

No later than **March 7, 2016**, Respondent and Petitioner must each submit a supplemental brief no longer than **eight (8) pages** discussing effects of the Ninth Circuit's resolution of the cross-appeals in *Gilman v. Brown*, Ninth Case Nos. 14-15613, 14-15680. The Clerk of the Court will mail to Petitioner a copy of the February 22, 2016 opinion in *Gilman v. Brown*, Ninth Case Nos. 14-15613, 14-15680.

The Court will resolve Respondent's pending motion to dismiss after it has received the aforementioned supplemental briefing from the parties.

IT IS SO ORDERED.

Dated: Monday, February 22, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge