UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JAMES TAYLOR,<br><br>        Petitioner,<br><br>    v.<br><br>ROSEMARY NDOH, Acting Warden,<br><br>        Respondent. | Case No. 15-cv-00996-YGR (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS; STAYING PROCEEDINGS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS ACTION** |

### I.  INTRODUCTION

Petitioner Mark James Taylor, a state prisoner, filed the instant *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Parole Hearings ("Board") to deny him parole at his July 26, 2012 parole suitability hearing. Dkt. 1. As grounds for federal habeas relief, Petitioner's first two claims allege that he was denied due process when the Board (1) required him to admit to the commitment offense and (2) denied parole without some evidence that he continues to present a current threat to public safety. *Id.* at 24.[1] In his third claim, Petitioner alleges that the Board's deferral of his next parole hearing for seven years under Marsy's Law[2] violates the Ex Post Facto Clause. *Id.*

Before the Court is Respondent's motion to dismiss the petition. Dkt. 8. Having read and considered the papers submitted and being fully informed, the Court GRANTS in part and

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

[2] In 2008, the voters approved Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," which modified the availability and frequency of parole hearings. 2008 Cal. Legis. Serv. Prop. 9, *amending in pertinent part*, Cal. Penal Code § 3041.5(b)(3) (extending deferral periods) and (b)(4) and (d) (advance hearings). Specifically, Proposition 9 provides that the Board will hear each case every 15 years unless it opts to schedule the next hearing in three, five, seven or ten years. Cal. Penal Code § 3041.5(b)(3). The most significant changes are that the minimum deferral period is increased from one year to three years, the maximum deferral period is increased from five years to fifteen years, and the default deferral period is changed from one year to fifteen years. *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1105 (9th Cir. 2011). But Marsy's Law also amended the law governing parole deferral periods by authorizing that hearings in advance of this schedule can be held at the Board's discretion, or at the request of a prisoner (although the inmate is limited to one such request every three years). *Id.* at 1105.

1  DENIES in part Respondent's motion to dismiss, and STAYS these proceedings.

## II. FACTUAL BACKGROUND

In 1997, an Alameda County jury found Petitioner guilty of second-degree murder and found true the allegation that he had personally used a firearm in committing the crime. Dkt. 1 at 15. Petitioner was sentenced to a state prison term of fifteen years to life plus a consecutive term of four years for personal use of a firearm. *Id.*

On July 26, 2012, a parole hearing was conducted for Petitioner. *Id.*; Dkt. 1-1. At the conclusion of the hearing, the Board found Petitioner not suitable for parole. Dkt. 1-1 at 116. The Board also determined that the denial of parole would be a "seven-year denial" pursuant to California Penal Code § 3041.5(b)(3), as amended by Marsy's Law in 2008, *id.*, meaning that Petitioner will not have a regularly scheduled parole suitability hearing until 2019.

As mentioned above, the amendment of section 3041.5 brought about by Marsy's Law allowed the Board to lengthen the interval between parole suitability hearings. In Petitioner's case, the Board set his next parole hearing date seven years after the 2012 hearing, whereas under the former law the Board could not have set his next parole hearing date more than two years after the last parole hearing date. The detriment of having to wait a longer period for the next parole hearing was the harm that allegedly violated Petitioner's rights under the Ex Post Facto Clause.

Petitioner filed habeas petitions in state court to challenge the Board's decision. The last reasoned state court opinion is from the Alameda County Superior Court. *See* Dkt. 1-3 at 7-13. After the state appellate and supreme courts summarily denied his petitions, *see id.* at 30, 39.

On March 3, 2015, Petitioner filed the instant petition. Dkt. 1.

## III. RESPONDENT'S MOTION, *GILMAN* CLASS ACTION, AND CROSS-APPEALS

### A. Pending Motion to Dismiss

On June 5, 2015, Respondent filed the instant motion to dismiss the petition. Dkt. 8. Respondent moves to dismiss on the ground that jurisdiction is lacking over Petitioner's due process claims and thus he has not stated a cognizable basis for federal habeas relief. In addition, Respondent argues that the Court should deny without prejudice Petitioner's ex post facto claim because any relief should come from the class action, *Gilman v. Schwarzenegger*, Case No. CIV-

S-05-0830 LKK GGH,[3] which has cross-appeals pending before the Ninth Circuit Court of Appeals. Petitioner filed an opposition to the motion to dismiss. Dkt. 9. Respondent filed a reply. Dkt. 10.

**B.   *Gilman* Class Action and Resulting Pending Cross-Appeals in *Gilman v. Brown***

This Court may take judicial notice of the docket and specified orders in the *Gilman* class action and the resulting pending cross-appeals before the Ninth Circuit Court of Appeals in *Gilman v. Brown*, Ninth Cir. Case Nos. 14-15613, 14-15680. *See* Fed. R. Evid. 201(b). The Court takes judicial notice of the Order Granting Motion for Class Certification filed on March 4, 2009 in the *Gilman* class action, which indicates that the *Gilman* class is made up of California state prisoners who "(i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions." *See* Case No. CIV-S-05-0830 LKK GGH, Dkt. 182 at 9. The Ninth Circuit affirmed the order certifying the class. *See id.*, Dkts. 257, 258. Further, this Court takes judicial notice of the section in the aforementioned March 4, 2009 Order the *Gilman* class action, in which the court described the case as including challenges to Marsy's Law amendments to California Penal Code § 3041.5 based on the Ex Post Facto Clause, and a request for injunctive and declaratory relief against implementation of the changes. *See id.*, Dkt. 182, 5-6. Finally, this Court takes judicial notice of the Order Amending Definitions of Certified Class filed on April 25, 2011 in the *Gilman* class action, which states that the class challenging Marsy's Law amendments to California Penal Code § 3041.5 includes "all California state prisoners who have been sentenced to a life term with the possibility of parole for an offense that occurred before November 4, 2008." *See id.*, Dkt. 532 at 1-2.

Following a bench trial, on February 28, 2014, the District Court in *Gilman* declared, *inter alia*, that the deferral provisions of Marsy's Law violate the Ex Post Facto Clause. *See id.*, Dkt. 532. The District Court ordered the Board to apply former California Penal Code § 3014.5 to all

---

[3] The class action has also been referred to using the case names *Gilman v. Davis* and *Gilman v. Fisher*, but all three case names refer to the same civil case docketed as Case No. CIV-S-05-0830 LKK GGH.

3

class members and to afford all class members an annual parole suitability hearing unless the Board finds, under former law, that a longer deferral period is warranted. *Id.* This relief is currently stayed, and these matters are pending on cross-appeals before the Ninth Circuit Court of Appeals in *Gilman v. Brown*, Ninth Case Nos. 14-15613, 14-15680. Oral argument was heard on June 15, 2015, and the matter was submitted on that date.

On February 22, 2016, the Ninth Circuit issued an opinion resolving the cross-appeals. *See Gilman v. Brown*, Nos. 14-15613, 14-15680, 2016 WL 692531 (9th Cir. Feb. 22, 2016). The Ninth Circuit reversed the District Court and held, *inter alia*, that the deferral provisions of Marsy's Law do not violate the Ex Post Facto Clause. *See id.* at *11.

On February 24, 2016, the Ninth Circuit granted Gilman's unopposed motion for an extension of the time in which to file a petition for rehearing en banc, and the new deadline is April 6, 2016. *See* Dkt. 96 in Ninth Cir. Case No. 14-15613; Dkt. 92 in Ninth Cir. Case No. 14-15680. To date, Gilman's petition for rehearing en banc has not yet been filed. As such, the Ninth Circuit has not issued its mandate, and thus it has not issued a final judgment as to this cross-appeal.

### C. Supplementary Briefing on *Gilman v. Brown* Opinion

In an Order dated February 22, 2016, this Court directed the parties in the instant matter to submit simultaneous briefs discussing only the effects of the Ninth Circuit's resolution of the cross-appeals.

On March 4, 2016, Respondent filed a supplemental brief in response to the Court's February 22, 2016 Order. Dkt. 12. Respondent now argues that "this Court must deny Petitioner's third claim because the Ninth Circuit resolved the issue of extended deferral periods in Respondent's favor." Dkt 12 at 2. While acknowledging that this decision is not yet final, Respondent argues that "the decision is binding precedent." *Id.* Respondent thus argues that this Court should "determine it plainly appears that Petitioner is not entitled to relief" on his ex post facto claim. *Id.* Meanwhile, Petitioner also filed his response to the Court's February 22, 2016 Order. Dkt. 13. However, in his response, Petitioner argues the merits of his petition instead of discussing the effects of the Ninth Circuit's resolution of the cross-appeals. *Id.* at 2-4.

### IV. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### V. DISCUSSION

Respondent argues that the petition must be dismissed because: (1) his first two claims of due process violations do not entitle him to federal habeas relief; and (2) Petitioner is a member of a pending class action, in which the Ninth Circuit resolved a claim similar to his ex post facto claim. Dkt. 8 at 2-4. As mentioned above, since Respondent has filed the motion to dismiss, the Ninth Circuit resolved the issue of extended deferral periods in Respondent's favor. Thus, Respondent now argues that this Court should deny Petitioner's ex post facto claim. Dkt. 12 at 2. The Court addresses each argument in turn.

#### A. Due Process Claims

As grounds for federal habeas relief, Petitioner claims that he was denied due process when the Board: (1) required him to admit to the commitment offense; and (2) denied parole without some evidence that he continues to present a current threat to public safety. Respondent argues that Petitioner's due process claims, which challenge the substance of the Board's parole denial, must be dismissed because they do not entitle him to federal habeas relief. This Court agrees with Respondent.

The United States Supreme Court determined that for the purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the

5

1  Fourteenth Amendment are limited to an opportunity to be heard and a statement of the reasons
2  why parole was denied. *Id.* Here, the parole hearing transcript attached to the petition shows that
3  Petitioner was provided with at least these minimum procedural protections in the Board's
4  decision to deny parole. *See* Dkt. 1-1 at 3-128. The Constitution does not require more. *See*
5  *Cooke*, 562 U.S. at 220.

6  Whether the Board improperly required him to admit to the commitment offense or
7  whether its decision was supported by some reliable evidence of current dangerousness are
8  irrelevant in federal habeas. The Supreme Court has made clear that "it is no federal concern . . .
9  whether [C]alifornia's 'some evidence' rule of judicial review (a procedure beyond what the
10 Constitution demands) was correctly applied." *Id.* at 221. In light of the Supreme Court's
11 determination that due process does not require that there be any amount of evidence to support
12 the parole denial, Petitioner's due process claims fail to state a cognizable claim for relief.
13 Therefore, the Court GRANTS Respondent's motion to dismiss as to Petitioner's due process
14 claims.

15 **B.    Ex Post Facto Claim**

16 Respondent initially argued that the remaining ex post facto claim at issue here should be
17 dismissed because Petitioner is a member of a class action where the same claim was being
18 litigated under 42 U.S.C. § 1983 in the *Gilman* class action, and that action was on appeal in the
19 Ninth Circuit. Respondent has since made a newly-filed request for the Court to deny the ex post
20 facto claim because the Ninth Circuit has resolved the issue of extended deferral periods in
21 Respondent's favor.

22 In his opposition, Petitioner does not directly respond to Respondent's argument relating to
23 dismissal based on Petitioner's claim being litigated in the *Gilman* class action. Instead, Petitioner
24 argues in a conclusory fashion that he should be allowed to seek individual relief. The Court finds
25 unavailing Petitioner's conclusory argument because allowing him to proceed to seek individual
26 relief in this suit would interfere with the orderly administration of the pending *Gilman* class
27 action and risk inconsistent adjudications. *See Gillespie*, 858 F.2d at 1103.

28 A court may choose not to exercise its jurisdiction over an individual suit for injunctive

1   and equitable relief from alleged unconstitutional prison conditions where there is a pending class
2   action suit involving the same subject matter. *See Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir.
3   1979) (affirming district court's dismissal of claim repetitive of class action issue); *McNeil v.*
4   *Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th
5   Cir. 1988) (en banc). Individual suits would interfere with the orderly administration of the class
6   action and risk inconsistent adjudications. *Id.* In such a case, "[t]here is no reason to believe the
7   issue . . . will not be fully and vigorously litigated by the . . . class representatives." *Crawford*,
8   599 F.2d at 893. "Individual members of the class and other prisoners may assert any equitable or
9   declaratory claims they have, but they must do so by urging further action through the class
10  representative and attorney, including contempt proceedings, or by intervention in the class
11  action." *Gillespie*, 858 F.2d at 1103; *see also Bryant v. Haviland*, No. CIV S-09-CV-3462 GEB
12  CHS P., 2011 WL 23064, *5 (N.D. Cal. Jan. 4, 2011) (dismissing same ex post facto claim at
13  issue here because petitioner was a member of the *Gilman* class).
14  Here, Petitioner, who has been denied parole, was convicted of an offense that occurred
15  before 2008, and he has been sentenced to a life term with possibility of parole. *See* Dkt. 1 at 15.
16  Therefore, Petitioner satisfies the above-referenced criteria, and he is a member of the *Gilman*
17  class.
18  In light of the fact that the Ninth Circuit has decided the same issue relating to the ex post
19  facto claim as presented in Petitioner's petition, and did so in a case that is far-advanced, it would
20  be an unnecessary consumption of judicial resources for this Court to decide the issue at this time.
21  By waiting for the Ninth Circuit to issue its mandate in the cross-appeals, the Court avoids the
22  possibility of having to decide the same issue twice—once now and once again after the mandate
23  in the cross-appeals has been issued. Therefore, these proceedings are stayed pending the filing of
24  the mandate in the cross-appeals before the Ninth Circuit in *Gilman v. Brown*, Ninth Case Nos.
25  14-15613, 14-15680.
26  Accordingly, Respondent's motion to dismiss as to the remaining ex post facto claim and
27  the newly-filed request for the Court to deny this claim are DENIED without prejudice.
28

**VI. CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Respondent's motion to dismiss is GRANTED in part and DENIED in part. Dkt. 8. The denial of the motion to dismiss as to the ex post facto claim is without prejudice.

2. Respondent's newly-filed request for the Court to deny Petitioner's ex post facto claim is also DENIED without prejudice. Dkt. 12.

3. These proceedings are hereby STAYED pending the filing of the mandate in the cross-appeals before the Ninth Circuit in *Gilman v. Brown*, Ninth Case Nos. 14-15613, 14-15680, or further order of this Court.

4. The Clerk of the Court shall ADMINISTRATIVELY CLOSE this case. The closure has no legal effect; it is purely a statistical matter.

5. Within **twenty-eight (28) days** of the Ninth Circuit's issuance of the mandate in the cross-appeals in *Gilman v. Brown*, Ninth Case Nos. 14-15613, 14-15680, the parties shall move to reopen the action and lift the Court's stay. Further, Respondent shall file a statement regarding the manner in which it intends to proceed.

6. This Order terminates Docket No. 8.

IT IS SO ORDERED.

Dated: March 17, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge