UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK JAMES TAYLOR,

    Petitioner,

    v.

ROSEMARY NDOH, Acting Warden,

    Respondents.

Case No. 15-cv-00996-YGR (PR)

**ORDER REOPENING CASE; LIFTING STAY; DISMISSING EX POST FACTO CLAIM; AND DENYING CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

Before the Court are pending motions from Respondent and Petitioner to reopen the instant matter and lift the stay. Dkts. 15, 16. In their motions, Respondent argues that this Court should dismiss the remaining ex post facto claim, while Petitioner argues that this claim must be addressed on the merits. *See id.* For the reasons outlined below, the Court reopens this action, lifts the stay, and DISMISSES the remaining ex post facto claim.

## II. BACKGROUND

Petitioner filed the instant *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Parole Hearings ("Board") to deny him parole at his July 26, 2012 parole suitability hearing. Dkt. 1. As grounds for federal habeas relief, Petitioner's first two claims alleged that he was denied due process when the Board (1) required him to admit to the commitment offense and (2) denied parole without some evidence that he continues to present a current threat to public safety. *Id.* at 24.[1] In his third claim, Petitioner alleged that the Board's deferral of his next parole hearing for seven years under Marsy's Law violates the Ex Post Facto Clause. *Id.*

In an Order dated March 17, 2016 Order, the Court granted in part and denied in part Respondent's motion to dismiss. Dkt. 14. Respondent had argued that the petition must be

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

dismissed because: (1) Petitioner's first two claims of due process violations did not entitle him to federal habeas relief; and (2) Petitioner was a member of a pending class action, in which the Ninth Circuit Court of Appeals resolved a claim similar to his ex post facto claim. *See* Dkt. 8 at 2-4. Thereafter, Respondent filed a supplemental brief in which Respondent argued that the Court should deny Petitioner's ex post facto claim because the Ninth Circuit resolved the issue of extended deferral periods in Respondent's favor in *Gilman v. Brown* (*Gilman II*), 814 F.3d 1007 (9th Cir. 2016). *See* Dkt. 12 at 2. In granting in part Respondent's motion to dismiss, the Court determined that Petitioner failed to state federal due process claims when he challenged his 2012 parole denial. Dkt. 14 at 5-6. However, the Court denied without prejudice Respondent's request to dismiss Petitioner's ex post facto claim challenging the increase in deferral periods following a parole denial. *Id.* at 6-7. The Court concluded that, although the Ninth Circuit had decided the ex post facto issue in favor of Respondent, the *Gilman II* decision was not final. *Id.* at 7. Accordingly, this Court stayed these proceedings until the Ninth Circuit issued the mandate in *Gilman II*. *Id.* Once the mandate issued, the Court ordered the parties to move to reopen the action and lift the stay, and directed Respondent to "file a statement regarding the manner in which it intends to proceed." *Id.* at 8.

### III. DISCUSSION

Respondent and Petitioner now move to reopen and lift the stay because the Ninth Circuit issued its mandate, finalizing its *Gilman II* decision. Dkt. 15-1 at 2. The Court GRANTS the parties' motions to reopen the case and lift the stay. Dkts. 15, 16. Respondent also moves dismiss the ex post facto claim because it is precluded by *Gilman II*. *See Yong v. INS,* 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) ("[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it . . . .").

The Court agrees that Petitioner's claim that application of Marsy's Law to defer his parole eligibility hearings violates the Ex Post Facto Clause is foreclosed by *Gilman II*. In 2008, the voters approved Proposition 9, the "Victims' Bill of Rights of 2008: Marsy's Law," which modified the availability and frequency of parole hearings. Specifically, Proposition 9 provides that the board will hear each case every fifteen years unless it opts to schedule the next hearing in

three, five, seven or ten years. Cal. Penal Code § 3041.5(b)(3). This means that the minimum deferral period was increased from one year to three years, the maximum deferral period was increased from five years to fifteen years, and the default deferral period was changed from one year to fifteen years. *Gilman v. Schwarzenneger* (*Gilman I*), 638 F.3d 1101, 1105 (9th Cir. 2011).

But Proposition 9 also amended the law governing parole deferral periods by authorizing the board to advance a hearing date. The board "may exercise its discretion to hold an advance hearing *sua sponte* or at the request of a prisoner." *Id.* In order to request that the board hold an advance hearing, a prisoner "submits a petition to advance ('PTA') setting forth 'the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration of the inmate." *Gilman II*, 814 F.3d 1at 1011 (citing Cal. Penal Code § 3041.5(d)(1)).

In *Gilman I*, the Ninth Circuit explained that the plaintiffs could not succeed on the merits of their ex post facto challenge to Proposition 9 unless: (1) Proposition 9, on its face, created a significant risk of increasing the punishment of California life-term inmates; or (2) the plaintiffs could demonstrate, by evidence drawn from Proposition 9's practical implementation, that its retroactive application will result in a longer period of incarceration than under the prior law. *Gilman I*, 638 F.3d at 1107 (citing *Garner v. Jones*, 529 U.S. 244, 255 (2000)). The Ninth Circuit noted that the changes required by Proposition 9 appeared to create a significant risk of prolonging the plaintiffs' incarceration, but concluded that the availability of advance hearings to the board precluded relief because such availability sufficiently reduced the risk of increased punishment for prisoners under the standard set out in Garner. *See id.* at 1108-11. More recently and definitively in *Gilman II*, the Ninth Circuit concluded that Proposition 9 does not violate the Ex Post Facto Clause because there is no evidence that Proposition 9 increases the risk of prolonged incarceration; the PTA process set forth in the California Penal Code, whereby an inmate can petition to advance a parole suitability hearing, affords relief from class-wide risk of prolonged incarceration. *See Gilman II*, 814 F.3d at 1016-21. The Ninth Circuit has issued its mandate. Dkt. 15-1 at 2. The United States Supreme Court has since denied the petition for a writ of certiorari. *See Madden v. Brown*, No. 16-6598, 2017 WL 69427, *1 (U.S. Jan. 9, 2017).

3

Accordingly, Petitioner's ex post facto claim is foreclosed by *Gilman II*. As the Court found in its March 17, 2016 Order, Petitioner was a member of the *Gilman* class, and therefore he is now precluded under the doctrine of collateral estoppel from re-litigating the same issues of fact and law litigated and decided in *Gilman II*. *See Disimone v. Browner*, 121 F.3d 1262, 1267 (9th Cir. 1997) (under doctrine of collateral estoppel, party precluded from re-litigating issues of fact and law previously litigated and decided). Therefore, the Court GRANTS Respondent's motion to dismiss the remaining ex post facto claim. Dkt. 15. Thus, Petitioner's motion for the Court to address his ex post facto claim on the merits is DENIED. Dkt. 16.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

## V. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Respondent's "Motion to Reopen Case, Lift Stay, and Dismiss the Ex Post Facto Claim" is GRANTED. Dkt. 15. Petitioner's "Motion to Reopen Case, Lift Stay, and Address the Ex Post Facto Claim" is GRANTED in part and DENIED in part. Dkt. 16. Specifically, the parties' motions to reopen the case and lift the stay are GRANTED. Dkts. 15, 16. Respondent's motion to dismiss the remaining ex post facto claim is GRANTED. Dkt. 15. Petitioner's motion for the Court to address his ex post facto claim on the merits is DENIED. Dkt. 16.

2. A certificate of appealability will not issue. Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

3. The Clerk of the Court shall terminate any pending motions and close the file.

4. This Order terminates Docket Nos. 15 and 16.

IT IS SO ORDERED.

Dated: March 10, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge

4